ELIAS FREIDUS and Another, Appellants, *v.* TITLE GUARANTEE AND TRUST COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, April 2, 1936.

*Ralph E. Freidus*, for the appellants.

*C. Elmer Spedick*, for the respondent.

FRANKENTHALER, J. Action to recover $728.88 for breach of contract of title insurance.

Plaintiffs, proposing to take an assignment of a $10,000 mortgage, applied to defendant to insure title to the mortgage. Defendant furnished a report which excepted among other things " claims, if any be made, that by reason of the acts of the insured or of agents of the insured, the lien of the mortgage mentioned in schedule A may be impaired or defeated and all defenses to the mortgage debt upon such claims." Plaintiffs objecting to that exception, it was omitted from the policy, and plaintiffs accepted delivery of the assignment and paid defendant's fee.

Plaintiffs' attorney brought suit to foreclose the mortgage. After the entry of judgment directing foreclosure and sale a motion was made in behalf of two infant defendants for leave to serve amended answers setting up usury, and a defaulting defendant also asked for the same relief, the supporting affidavits charging plaintiffs with having exacted a usurious bonus of twenty per cent under a corrupt agreement made under the cloak of a corporation. Upon receipt of the motion papers the attorney for plaintiffs in the action requested defendant to oppose the motion; the request was refused; and this action was brought to recover $726 damages, being the reasonable value of the services of the plaintiffs' attorney in opposing the motion to set up the defense and on the application to the Appellate Division for a stay pending the appeal (which was granted) and upon the appeal.

Section 1 of the policy provides that defendant " will at its own cost, defend the insured in all actions or proceedings founded on a claim of title or incumbrance prior in date to this policy thereby insured against;" and by the provisions of section 6:

" In case of any action or proceeding described in section 1 of these conditions is begun, or in case of the service of any paper or pleading, the object or effect of which shall or may be to impugn, attack or call in question the validity of the title thereby insured, as insured, or to raise any material question relating to a claim of incumbrance hereby insured against, or to cause any loss or damage for which this company shall or may be liable under or by virtue of any of the terms or conditions of this policy, or in case any action or proceeding is begun that may have such object or effect, it shall be the duty of the insured at once to notify this company in writing.  In such cases and in all cases where this policy requires or permits this company to prosecute or defend, it shall be the duty of the insured to secure to it the right and opportunity to maintain or defend the action or proceeding, and all appeals from any determination therein, and to give it all reasonable aid therein, and to permit it to use at its option the name of the insured."

Under the above provisions while it is the duty of the assured to give notice to the insurer of the beginning of any action or proceeding or the service of any paper attacking the validity of the title of the insured, whether the company is required or merely permitted to defend must depend upon the facts of the particular case.  Plaintiffs claim, making special reference to the omission from the policy of the exception applicable to usury, that defendant was required to defend the application for leave to serve answers setting up the defense, while defendant insists that under the policy it could be called upon to defend only from the time of the actual pleading of such defense by answer in the foreclosure suit.

In the circumstances it seems to me that the motion was an attack on the validity of plaintiffs' title within the meaning of the policy, and that the refusal of defendant upon proper request to oppose the motion and defend the further proceedings resulting in affirmance on appeal to the Appellate Division was a breach of its contract.

Order reversed, with ten dollars costs, and judgment directed for plaintiff, the damages to be assessed by the court below.

LYDON and HAMMER, JJ., concur.